UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL PONOMARENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>NATHAN SHAPIRO, et al.,<br><br>    Defendants. | Case No. 16-cv-02763-BLF<br><br>**ORDER GRANTING JOINT ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF 68] |

Before the Court is a renewed joint administrative motion to file under seal by Plaintiff Paul Ponomarenko and Third-Party Defendant Summit Estate (collectively, the "Moving Parties"). ECF 68. The Moving Parties seek to seal in their entirety or redact portions of certain documents filed in connection with (1) Defendant Nathan Shapiro's ("Shapiro") Answer and Counterclaim to the FAC and Third-Party Complaint ("Answer"); and (2) Shapiro's Opposition to Plaintiff and Third-Party Defendant's Joint Motion to Dismiss Defendant's Counterclaim and Third Party Complaint ("Opposition"). Shapiro filed an opposition to the renewed motion. ECF 70. For the reasons discussed below, the motion to seal is GRANTED.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

2

1    In addition to making particularized showings of good cause, parties moving to seal
2    documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.
3    79-5(b), a sealing order is appropriate only upon a request that establishes the document is
4    "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
5    the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
6    must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
7    submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
8    material" which "lists in table format each document or portion thereof that is sought to be
9    sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by
10   highlighting or other clear method, the portions of the document that have been omitted from the
11   redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
12   Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
13   79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II.  DISCUSSION

15   The procedural posture of this case and the documents at issue in this motion to seal are
16   detailed in the Court's August 21, 2017 Order Denying Plaintiff and Third Party Defendant's Joint
17   Administrative Motion to Seal. ECF 66. The Court denied the Moving Parties' original motion to
18   seal the Project Vegas Mansion's Agreement ("PVM Agreement") and references to its contents in
19   related filings, on the grounds that the supporting declaration failed to articulate "compelling
20   reasons" to seal the documents and the requested sealing of documents in their entirety was not
21   "narrowly tailored" to sealable material. *Id*. In denying the initial motion to seal, the Court
22   explicitly left open the possibility that portions of the PVM Agreement and related documents
23   may be sealable upon a renewed motion and affidavit that is narrowly tailored to sealable material.
24   In their revised motion to seal, the Moving Parties now concede that the "compelling
25   reasons" standard applies to the documents they seek to seal, which are submitted in connection
26   with an opposition to a dispositive motion and a pleading (the Answer) that address the merits of
27   the case. ECF 68, 3. As before, the Court now resolves the renewed sealing motion under the
28   "compelling reasons" standard.

The Court has reviewed the declaration submitted by the Moving Parties. ECF 68-1. The Court has further reviewed Shapiro's opposition to the motion. ECF 70. The Court recognizes that Plaintiff chose to file this lawsuit for breach of contract and related claims, and as such he has put the subject matter of the PVM Agreement at issue. However, the Court also finds that the Moving Parties have articulated compelling reasons to seal the redacted portions of the submitted documents. The proposed redactions are also narrowly tailored. The Court summarizes its ruling as follows on the documents sought to be sealed which the Court had previously denied sealing:

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 56 | Defendant's Answer and Counterclaim to FAC and Third-Party Complaint | GRANTED as to highlighted portions | Contains personal and confidential information that implicates Plaintiff Ponomarenko's privacy. The redactions are also small in number, narrowly tailored, and do not contain information necessary to resolve the material issues at this point in the litigation. Thus, the privacy interests in the redacted portions outweigh the public's right to access. |
| 62 | Defendant's Opposition Brief to Moving Parties' Motion to Dismiss | GRANTED as to highlighted portions. | Contains personal and confidential information that implicates Plaintiff Ponomarenko's privacy. The redactions are also small in number, narrowly tailored, and do not contain information necessary to resolve the material issues at this point in the litigation. Thus, the privacy interests in the redacted portions outweigh the public's right to access. |
| 56-1 | Exhibit A to Defendant's Answer to FAC, Counterclaim, and Third-Party Complaint | GRANTED as to highlighted portions. | Contains personal and confidential information that implicates Plaintiff Ponomarenko's privacy. The redactions are also small in number, narrowly tailored, and do not contain information necessary to resolve the material issues at this point in the litigation. Thus, the privacy interests in the redacted portions outweigh the public's right to access. |
| 62-1 | Exhibit A to Defendant's Opposition to Moving Parties' Motion to Dismiss | GRANTED as to highlighted portions. | This is the same document as ECF 56-1 with the same proposed redactions and it is sealable for the same reasons articulated above. |

### III.   ORDER

For the foregoing reasons, the Court MODIFIES its order at ECF 66.  The Moving Parties' motion at ECF 68 is GRANTED.  The Clerk shall file the following REDACTED versions of the documents in the record:

- **ECF 68-4:** Redacted Version of ECF 56, Defendant Nathan Shapiro's Answer and Counterclaim to Plaintiff's First Amended Complaint and Third Party Complaint.

- **ECF 68-6:** Redacted Version of ECF 56-1, Exhibit A to Defendant Nathan Shapiro's Answer and Counterclaim to Plaintiff's First Amended Complaint and Third Party Complaint.

- **ECF 68-8:** Redacted Version of ECF 62, Defendant Nathan Shapiro's Opposition to Plaintiff Paul Ponomarenko and Third Party Defendant Summit Estate's Joint Motion to Dismiss Defendant's Counterclaim and Third Party Complaint.

- **ECF 68-10:** Redacted Version of ECF 62-1, Exhibit A to Defendant Nathan Shapiro's Opposition to Plaintiff Paul Ponomarenko and Third Party Defendant Summit Estate's Joint Motion to Dismiss Defendant's Counterclaim and Third Party Complaint.

Dated:  September 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge