ORIGINAL

FILED _____ RECEIVED _____
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 2 5 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

PAUL PONOMARENKO in Pro Per
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 597-0928

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEVADA

| | |
|---|---|
| PAUL PONOMARENKO, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>PROJECT VEGAS MANSION, corporate entity of unknown form, NATHAN SHAPIRO, an individual; and DOES 1 through 50,<br><br>      Defendants. | Case No.: **2:18-cv-00216-RFB-CWH**<br><br>**PLAINTIFF PAUL PONOMARENKO'S ANSWER TO FIRST AMENDED COUNTERCLAIM** |
| NATHAN SHAPIRO, an individual,<br><br>      Counterclaimant,<br><br>      v.<br><br>PAUL PONOMARENKO, an individual, DOES 1 through 50 and ROE business entities 51-100,<br><br>      Counterdefendants. | |
| NATHAN SHAPIRO, an individual,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>SUMMIT ESTATE, INC. DBA SUMMIT ESTATE RECOVERY CENTER, a California corporation; LUKE GERHARD KROGH, an individual; DOES 1 through 50 and ROE business entities 51 through 100,<br><br>Third Party Defendants. | |

**ANSWER TO COUNTER-CLAIMS AGAINST PONOMARENKO**

Plaintiff and Counter-Defendant Paul Ponomarenko ("Ponomarenko" or "Plaintiff") hereby answer the counter-claims asserted by Defendant Nathan Shapiro ("Shapiro" or "Defendant") as set forth below. By way of general response, all of the allegations in the counter-claims are denied unless specifically admitted herein. Any admission of facts is limited to the specific facts referenced and alleged by Defendant and do not apply to any conclusions.

**FIRST AMENDED COUNTERCLAIM**

1. In connection with any legal conclusions stated in Paragraph 1, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 1, noting that Defendant Shapiro is engaged in a business in Nevada under the business name Project Vegas Mansion as set forth in his Answer. Dkt 56 at ¶ 3.

2. In connection with any legal conclusions stated in Paragraph 2, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff admits that Paul Ponomarenko is an individual residing in California.

**SUBJECT MATTER JURISDICTION**

3. In connection with any legal conclusions stated in Paragraph 3, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 3.

**PERSONAL JURISDICTION**

4. In connection with any legal conclusions stated in Paragraph 4, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 4.

**VENUE**

5. In connection with any legal conclusions stated in Paragraph 5, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 5.

**ALLEGATIONS COMMON TO ALL COUNTS**

6. Responses to Paragraphs 1-5 are set forth in Paragraphs 1-5 above.

7. In connection with any legal conclusions stated in Paragraph 7, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 7.

8. In connection with any legal conclusions stated in Paragraph 8, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 8.

9. In connection with any legal conclusions stated in Paragraph 9, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 9.

10. In connection with any legal conclusions stated in Paragraph 10, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 10.

11. In connection with any legal conclusions stated in Paragraph 11, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 11.

12. In connection with any legal conclusions stated in Paragraph 12, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 12.

13. In connection with any legal conclusions stated in Paragraph 13, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 13.

14. In connection with any legal conclusions stated in Paragraph 14, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 14.

15. In connection with any legal conclusions stated in Paragraph 15, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

Shapiro's allegations as set forth in Paragraph 15.

16. In connection with any legal conclusions stated in Paragraph 16, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 16.

17. In connection with any legal conclusions stated in Paragraph 17, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 17.

18. In connection with any legal conclusions stated in Paragraph 18, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 18.

19. In connection with any legal conclusions stated in Paragraph 19, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 19.

20. In connection with any legal conclusions stated in Paragraph 20, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 20.

21. In connection with any legal conclusions stated in Paragraph 21, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 21.

22. In connection with any legal conclusions stated in Paragraph 22, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 22.

23. In connection with any legal conclusions stated in Paragraph 23, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 23.

24. In connection with any legal conclusions stated in Paragraph 24, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 24.

25. In connection with any legal conclusions stated in Paragraph 25, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 25.

26. In connection with any legal conclusions stated in Paragraph 26, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 26.

27. In connection with any legal conclusions stated in Paragraph 27, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 27.

28. In connection with any legal conclusions stated in Paragraph 28, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 28.

29. In connection with any legal conclusions stated in Paragraph 29, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 29.

30. In connection with any legal conclusions stated in Paragraph 30, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 30.

31. In connection with any legal conclusions stated in Paragraph 31, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 31.

32. In connection with any legal conclusions stated in Paragraph 32, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 32.

33. In connection with any legal conclusions stated in Paragraph 33, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 33.

34. In connection with any legal conclusions stated in Paragraph 34, Plaintiff is not required to,

and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 34.

35. In connection with any legal conclusions stated in Paragraph 35, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 35.

36. In connection with any legal conclusions stated in Paragraph 36, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 36.

37. In connection with any legal conclusions stated in Paragraph 37, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 37.

38. In connection with any legal conclusions stated in Paragraph 38, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 38.

39. In connection with any legal conclusions stated in Paragraph 39, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 39.

40. In connection with any legal conclusions stated in Paragraph 40, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 40.

41. In connection with any legal conclusions stated in Paragraph 41, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 41.

42. In connection with any legal conclusions stated in Paragraph 42, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 42.

43. In connection with any legal conclusions stated in Paragraph 43, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

Shapiro's allegations as set forth in Paragraph 43.

44. In connection with any legal conclusions stated in Paragraph 44, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 44.

45. In connection with any legal conclusions stated in Paragraph 45, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 45.

46. In connection with any legal conclusions stated in Paragraph 46, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 46.

47. In connection with any legal conclusions stated in Paragraph 47, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 47.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against Ponomarenko)

48. Responses to Paragraphs 1-47 are set forth in Paragraphs 1-47 above.

49. In connection with any legal conclusions stated in Paragraph 49, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 49.

50. In connection with any legal conclusions stated in Paragraph 50, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 50.

51. In connection with any legal conclusions stated in Paragraph 51, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 51.

52. In connection with any legal conclusions stated in Paragraph 52, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

1    Shapiro's allegations as set forth in Paragraph 52.

2    53. In connection with any legal conclusions stated in Paragraph 53, Plaintiff is not required to,

3    and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

4    Shapiro's allegations as set forth in Paragraph 53.

5

6                                    **SECOND CAUSE OF ACTION**

7    **(Breach of Non-Disclosure and Confidentiality Provisions Against Ponomarenko)**

8    54. Responses to Paragraphs 1-53 are set forth in Paragraphs 1-53 above.

9    55. In connection with any legal conclusions stated in Paragraph 55, Plaintiff is not required to,

10    and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

11    Shapiro's allegations as set forth in Paragraph 55.

12    56. In connection with any legal conclusions stated in Paragraph 56, Plaintiff is not required to,

13    and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

14    Shapiro's allegations as set forth in Paragraph 56.

15    57. In connection with any legal conclusions stated in Paragraph 57, Plaintiff is not required to,

16    and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

17    Shapiro's allegations as set forth in Paragraph 57.

18    58. In connection with any legal conclusions stated in Paragraph 58, Plaintiff is not required to,

19    and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

20    Shapiro's allegations as set forth in Paragraph 58.

21    59. In connection with any legal conclusions stated in Paragraph 59, Plaintiff is not required to,

22    and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

23    Shapiro's allegations as set forth in Paragraph 59.

24    60. In connection with any legal conclusions stated in Paragraph 60, Plaintiff is not required to,

25    and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

26    Shapiro's allegations as set forth in Paragraph 60.

27    61. In connection with any legal conclusions stated in Paragraph 61, Plaintiff is not required to,

28    and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

1     Shapiro's allegations as set forth in Paragraph 61.

2                          **THIRD CAUSE OF ACTION**

3              **(Breach of Non-Compete Provision Against Ponomarenko)**

4     62. Responses to Paragraphs 1-61 are set forth in Paragraphs 1-61 above.

5     63. In connection with any legal conclusions stated in Paragraph 63, Plaintiff is not required to,

6         and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

7         Shapiro's allegations as set forth in Paragraph 63.

8     64. In connection with any legal conclusions stated in Paragraph 64, Plaintiff is not required to,

9         and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

10        Shapiro's allegations as set forth in Paragraph 64.

11    65. In connection with any legal conclusions stated in Paragraph 65, Plaintiff is not required to,

12        and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

13        Shapiro's allegations as set forth in Paragraph 65.

14    66. In connection with any legal conclusions stated in Paragraph 66, Plaintiff is not required to,

15        and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

16        Shapiro's allegations as set forth in Paragraph 66.

17    67. In connection with any legal conclusions stated in Paragraph 67, Plaintiff is not required to,

18        and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

19        Shapiro's allegations as set forth in Paragraph 67.

20    68. In connection with any legal conclusions stated in Paragraph 68, Plaintiff is not required to,

21        and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

22        Shapiro's allegations as set forth in Paragraph 68.

23    69. In connection with any legal conclusions stated in Paragraph 69, Plaintiff is not required to,

24        and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

25        Shapiro's allegations as set forth in Paragraph 69.

26                          **FOURTH COUNTERCLAIM**

27       **(Tortious Interference With Prospective Advantage Against Ponomarenko)**

28    70. Responses to Paragraphs 1-69 are set forth in Paragraphs 1-69 above.

71. In connection with any legal conclusions stated in Paragraph 71, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 71.

72. In connection with any legal conclusions stated in Paragraph 72, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 73.

73. In connection with any legal conclusions stated in Paragraph 74, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 74.

74. In connection with any legal conclusions stated in Paragraph 74, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 74.

75. In connection with any legal conclusions stated in Paragraph 75, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 75.

76. In connection with any legal conclusions stated in Paragraph 76, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 76.

77. In connection with any legal conclusions stated in Paragraph 77, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 77.

## FIFTH COUNTERCLAIM

### (Civil Conspiracy Against Ponomarenko)

78. Responses to Paragraphs 1-77 are set forth in Paragraphs 1-77 above.

79. In connection with any legal conclusions stated in Paragraph 79, Plaintiff is not required to, and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant Shapiro's allegations as set forth in Paragraph 79.

80. In connection with any legal conclusions stated in Paragraph 80, Plaintiff is not required to,

1     and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

2     Shapiro's allegations as set forth in Paragraph 80.

3   81. In connection with any legal conclusions stated in Paragraph 81, Plaintiff is not required to,

4     and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

5     Shapiro's allegations as set forth in Paragraph 81.

6   82. In connection with any legal conclusions stated in Paragraph 82, Plaintiff is not required to,

7     and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

8     Shapiro's allegations as set forth in Paragraph 82.

9                   **SIXTH COUNTERCLAIM**

10    **(Breach of the Covenant of Good Faith and Fair Dealing Against Ponomarenko)**

11   83. Responses to Paragraphs 1-82 are set forth in Paragraphs 1-82 above.

12   84. In connection with any legal conclusions stated in Paragraph 84, Plaintiff is not required to,

13     and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

14     Shapiro's allegations as set forth in Paragraph 84.

15   85. In connection with any legal conclusions stated in Paragraph 85, Plaintiff is not required to,

16     and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

17     Shapiro's allegations as set forth in Paragraph 85.

18   86. In connection with any legal conclusions stated in Paragraph 86, Plaintiff is not required to,

19     and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

20     Shapiro's allegations as set forth in Paragraph 86.

21   87. In connection with any legal conclusions stated in Paragraph 87, Plaintiff is not required to,

22     and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

23     Shapiro's allegations as set forth in Paragraph 87.

24   88. In connection with any legal conclusions stated in Paragraph 88, Plaintiff is not required to,

25     and thus does not, admit or deny such allegations. Plaintiff otherwise denies Defendant

26     Shapiro's allegations as set forth in Paragraph 88.

27                   **AFFIRMATIVE DEFENSES**

28   In further response to the counterclaims and third-party complaint, Plaintiff seta forth the

following affirmative defenses, and hereby reserve the right to amend this Answer to assert additional defenses as further information becomes available.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State A Claim)**

Each of Defendant's Counterclaims fail to state a claim against Plaintiff upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Each of Defendant's counter-claims and third-party complaint is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
**(Estoppel)**

Each of Defendant's counter-claims is barred in whole or in part by the doctrine of estoppel. Defendant's own failure to perform the terms of the agreement is the cause of failure by the Answering Parties to effectively perform the agreement.

### FOURTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Each of Defendant's counter-claims is barred in whole or in part by Defendant's unclean hands and wrongful acts. Defendant has engaged in the conduct that he complains of in this action. Defendant has breached the contract and the non-disclosure and confidential clause. Defendant's conduct constitutes unclean hands and bars Defendant for equitable relief in this action.

### FIFTH AFFIRMATIVE DEFENSE
**(Laches)**

Each of Defendant's claims is barred by the doctrine of laches as Defendant's delay in bringing this lawsuit is inexcusable given that Plaintiff has been significantly prejudiced. Defendant's negligence in acting more promptly has unfairly impaired Plaintiff's ability to defend himself because witnesses and/or evidences needed may have become unavailable or lost.

### SIXTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

1    Defendant Shapiro's Cross-Complaint is barred in whole or in part because damages

2  sustained by Defendant Shapiro, if any, were actually and proximately caused by Defendant

3  Shapiro's own conduct or misconduct.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acts or Omissions of Others)

6    Defendant Shapiro's Cross-Complaint is barred in whole or in part because any damages

7  sustained by Defendant Shapiro, if any, were actually and proximately caused by the conduct or

8  misconduct of persons other than Answering Parties.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

11    Plaintiff denies that Defendant suffered any damages, but in the event that he did, such

12  damages were caused in their entirety or in part by Defendant's failure to mitigate.

### NINTH AFFIRMATIVE DEFENSE
### (Acquiescence)

14    Each of Defendant's counter-claims is barred by the doctrine of acquiescence.

### TENTH AFFIRMATIVE DEFENSE
### (License)

17    Each of Defendant's counter-claims is barred in whole or in part by the fact that Defendant

18  conferred a license, express and implied, to use any of its intellectual property, if any such

19  intellectual property existed, for the benefit of Plaintiff's training and experience as part of the

20  Agreement. Such license was granted without any additional expectation of compensation beyond

21  the agreed upon terms of the Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Consent)

25    Each of Defendant's counter-claims is barred in whole or in part by the fact that Defendant

26  consented, both expressly and impliedly, to use any of its intellectual property, if any such

27  intellectual property existed, for the benefit of Plaintiff's training and experience as part of the

28  Agreement. Such consent was granted without any additional expectation of compensation beyond

1   the agreed upon terms of the Agreement.

2                    **TWELFTH AFFIRMATIVE DEFENSE**
                     **(Failure to Join Indispensable Parties)**
3

4          Each of Defendant's counter-claims is barred in whole or in part by Defendant failing to join

5   indispensable parties.

6                    **THIRTEENTH AFFIRMATIVE DEFENSE**
                            **(Good Faith)**
7

8          Defendant's damages, if any, are limited by the fact that Plaintiffs had innocent intentions and

9   acted in good faith at all times during their interactions with Defendant and its associates and affiliates.

10                   **FOURTEENTH AFFIRMATIVE DEFENSE**
                               **(Setoff)**

11          To the extent that Plaintiff has been harmed by Defendant's failure to perform, Plaintiff is

12  entitled to a setoff of any damages or other monetary relief awarded to Defendant.

13                   **FIFTHTEENTH AFFIRMATIVE DEFENSE**
                     **(Formation of Valid Contract)**
14

15          Defendant Shapiro's Cross-Complaint is barred because no valid contract was formed.

16                   **SIXTEENTH AFFIRMATIVE DEFENSE**
                     **(Information Readily Ascertainable)**
17

18          Defendant's counter-claims are barred, in whole or in part, by the fact that all or part of

19  Defendant's alleged trade secrets could have been readily ascertained by proper means. Defendant

20  has failed to establish that its alleged intellectual property constitutes a trade secret, and even if they

21  do, have failed to establish that such trade secrets were not derived from information readily

22  ascertainable.

23                   **SEVENTEENTH AFFIRMATIVE DEFENSE**
                            **(Frustration of Purpose)**
24

25          Defendant's first counter-claim states that he was not appropriately compensated for his

26  services during the term of the agreement and that Plaintiff breached an implied contract between the

27  parties, but Defendant breached the agreement and failed to provide the services promised by

28  Defendant in the Agreement. Defendant thereby prevented the joined from moving forward in any

1  meaningful way and prevented Plaintiffs from complying with the terms of any implied contract if

2  any existed.

### EIGHTHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Certainty)

Defendant's counter-claims are barred, in whole or in part, because they lack certainty. To
the extent that any damages or injury accrued to Defendant, which Plaintiff denies, any such injury
or damage was the result of Defendant's own actions and/or by intervening facts, circumstances,
parties or events over which Plaintiff had no control and for which Plaintiff is not legally responsible
or liable.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

Defendant's first counter-claim is barred in part or in whole because Defendant failed to
satisfy condition precedent to Plaintiff's obligations, if any. Defendant's first counter-claim states
that Defendant was not appropriately compensated for his services during the term of the Agreement
and that Plaintiff breached the contract between the parties, but Defendant breached the contract by
failing to provide the services promised to Plaintiff as set forth in the Agreement. In doing so,
Defendant failed to complete the work he had agreed to complete and effectively abandoned the
Agreement. These actions prevented the Agreement from moving forward and prevented Plaintiff
from having any meaningful mechanism by which to compensate Defendant for the performed work,
assuming such an obligation existed, and negating any obligation to do so regardless. Defendant's
failure to complete the requisite work also was a failure of condition precedent in connection with
any implied contract and eliminated Plaintiff's obligation to comply with any terms of the alleged
implied contract, if any existed.

### TWENTIETH FIRST AFFIRMATIVE DEFENSE
### (Anticipatory Repudiation)

Defendant's first counter-claim is barred in part by the doctrine of anticipatory repudiation.
Defendant's first counter-claim states that Defendant was not appropriately compensated for his
services during the term of the Agreement and that Plaintiff breached the contract between the

1   parties, but Defendants anticipatorily breached the contract by failing to provide the services

2   promised to Plaintiff as set forth in the Agreement. These actions prevented the Agreement from

3   moving forward and prevented Plaintiff from having any meaningful mechanism by which to

4   compensate Defendant for the performed work, assuming such an obligation existed, and negating

5   any obligation to do so regardless. Defendant's failure to complete the requisite work also was an

6   anticipatory breach in connection with any implied contract and eliminated Plaintiff's obligation to

7   comply with any terms of the alleged implied contract, if any existed.

8                     **TWENTY FIRST AFFIRMATIVE DEFENSE**
9                          **(Comparative Fault or Negligence)**

10          Any and all alleged events and happenings, injuries, losses or damages referred to in the

11   Cross-Complaint were directly and proximately caused and contributed to, in whole or in part, by the

12   carelessness and negligence of Defendant herein, and therefore the extent of loss, damages or injury

13   sustained by Defendant, if any, should be reduced in proportion to the amount of negligence or fault

14   attributable to Defendant. Defendant has failed timely, fully, and adequately to perform all necessary

15   conditions under the purported agreement.

16                 **TWENTY SECOND AFFIRMATIVE DEFENSE**
                            **(Causation)**
17

18          Although the Cross-Complaint is groundless and without merit, if the Court finds there is a

19   contestable issue, Defendant is barred from recovery herein in that the conduct of Defendant, and

20   other persons unknown to the answering parties constituted a supervening, intervening cause of the

21   damages, injuries and losses allegedly sustained by Defendant.

22                  **TWENTY THIRD AFFIRMATIVE DEFENSE**
                         **(Undiscovered Defense)**
23

24          Having not had the benefit of discovery and given that Defendant has not disclosed much of

25   the information in his possession in connection with this matter, Plaintiff has insufficient knowledge

26   and/or information upon which to form a belief as to whether the additional defenses are available

27   and hereby reserve their right to assert additional defenses at the appropriate time.

28

1   DATED: April 23, 2018                    Respectfully submitted,

2

3                                            By: _____

4                                            PAUL PONOMARENKO

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28