PAUL PONOMARENKO in Pro Per
c/o
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 597-0928

```
___FILED         ___RECEIVED
___ENTERED       ___SERVED ON
         COUNSEL/PARTIES OF RECORD

         MAY - 4 2018

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:_____DEPUTY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEVADA

| | |
|---|---|
| PAUL PONOMARENKO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>PROJECT VEGAS MANSION, corporate entity of unknown form, NATHAN SHAPIRO, an individual; and DOES 1 through 50,<br><br>    Defendants.<br><br>───────────────────────────<br>NATHAN SHAPIRO, an individual,<br>    Counterclaimant,<br>v.<br>PAUL PONOMARENKO, an individual, DOES 1 through 50 and ROE business entities 51-100,<br>    Counterdefendants.<br><br>───────────────────────────<br>NATHAN SHAPIRO, an individual,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>SUMMIT ESTATE, INC. DBA SUMMIT ESTATE RECOVERY CENTER, a California corporation; LUKE GERHARD KROGH, an individual; DOES 1 through 50 and ROE business entities 51 through 100,<br><br>Third Party Defendants. | Case No.: 2:18-cv-00216-RFB-CWH<br><br>PLAINTIFF PAUL PONOMARENKO'S RESPONSE TO COURT'S NOTICE OF NON RESPONSE (ECF Dkt. No. 107 and ECF Dkt. No. 90); MOTION FOR EXTENSION OF TIME PURSUANT TO LR IA 6-1; MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING BY PAUL PONOMARENKO |

# PLAINTIFF PAUL PONOMARENKO'S RESPONSE TO NOTICE TO COURT; MOTION FOR EXTENSION OF TIME PURSUANT TO LR IA 6-1; MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING BY PAUL PONOMARENKO

Plaintiff Paul Ponomarenko hereby gives notice to the Court of the following circumstances which are relevant to the Court's recent Notice of Non-Compliance (ECF Dkt. No. 107 and Dkt. No. 90) and in support of his motion for extension of time.

1. This matter was transferred to this Court from the Northern District of California Court on February 5, 2018 pursuant to Dkt. 88.

2. As such, neither of my California counsel of record, Sanjiv N. Singh, and Michael Indrajana, are able to appear on my behalf or on behalf of Summit Estate, Inc. which I wholly own. As the Court is aware, LR IA 11-2 requires an association of an active member in good standing of the State bar of Nevada as attorney of record in the action or proceeding. Neither Mr. Singh nor Mr. Indrajana litigate in Nevada or do business in Nevada; as such, in order to appear pro hac vice, they would have to find local Nevada counsel to sponsor them to appear. This is not an insignificant hurdle; despite diligent efforts, several Nevada based firms have turned down requests to facilitate pro hac vice appearances for reasons such as geographic distance from the court and having policies not to facilitate pro hac vice appearances without extensive and protracted diligence on the case and docket. As such, Summit Estate and I likely will need to find new counsel in Nevada or I will appear pro se while Summit Estate continues to look for suitable counsel.

3. Thus, contrary to Mr. Shaddix' misleading notice to the Court, I have sought to locate counsel as has Summit. There has been no error or lack of diligence on my part in this regard. I estimate it will take possible 30 to 60 more days to do so. As such, as an individual, I have elected to represent myself pro se in the meanwhile. My understanding is that Summit Estate, Inc. cannot do so because it is a corporation.

4. To date, neither Mr. Shaddix nor Mr. Shapiro have properly served either myself or Summit Estate by physically mailing or delivering the filed documents pursuant to Nevada Local

Rules LR IC 4-1(c)(6), which states that Paper Service is required when a document is served on non-filers. Given that counsels for Plaintiff and Summit have not been registered as e-filers on the Court's ECF system until they can locate local counsel and satisfy the requirements under rule LR IC 1A 11-1, it is only fair and reasonable for Mr. Shaddix and Mr. Shapiro to serve the parties the physical copies per LC IC 4-1(c)(6).

5. Pursuant to this notice, I hereby move and am requesting the Court to give a 60-day time extension for either Mr. Singh and Mr. Indrajana to appear pro hac vice before this Court or for Summit Estate and I to find Nevada based counsel. I further request the Court to require Mr. Shaddix and Mr. Shapiro to properly serve all other documents by serving physical copies of the documents to the parties until such time when counsel can appear before this Court.

6. Furthermore, as the Plaintiff in the above-captioned matter, I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I hereby affirm that:

   a. I have reviewed the requirements for e-filing and agree to abide by them.
   b. I understand that once I register for e-filing, I will receive notices and documents only by email in this case and not by regular mail.
   c. I have regular access to the technical requirements necessary to e-file successfully:
      i. A computer with internet access;
      ii. An email account on a daily basis to receive notifications from the Court and notices from the e-filing system;
      iii. A scanner to convert documents that are only in paper format into electronic files;
      iv. A printer or copier to create the required paper copies such as chambers copies;
      v. A word-processing program to create documents; and
      vi. A pdf reader and a pdf writer to convert word processing documents into pdf

1 | format, the only electronic format in which documents can be e-filed.

4 | DATED: _May 2_, 2018                    Respectfully submitted,

6 | By: _____

7 | PAUL PONOMARENKO

28 | PLAINTIFF PAUL PONOMARENKO'S RESPONSE TO COURT'S NOTICE OF NON-RESPONSE (ECF Dkt. No. 107 and ECF Dkt. No. 90); MOTION FOR EXTENSION OF TIME PURSUANT TO LR IA 6-1; MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING BY PAUL PONOMARENKO
2:18-cv-00216-RFB-CWH

PAUL PONOMARENKO in Pro Per
c/o
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 597-0928

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF NEVADA

| | |
|---|---|
| PAUL PONOMARENKO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>PROJECT VEGAS MANSION, corporate entity of unknown form, NATHAN SHAPIRO, an individual; and DOES 1 through 50,<br><br>    Defendants. | Case No.: 2:18-cv-00216-RFB-CWH<br><br>PLAINTIFF PAUL PONOMARENKO'S RESPONSE TO COURT'S NOTICE OF NON RESPONSE (ECF Dkt. No. 107 and ECF Dkt. No. 90); MOTION FOR EXTENSION OF TIME PURSUANT TO LR IA 6-1; MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING BY PAUL PONOMARENKO |
| NATHAN SHAPIRO, an individual,<br>    Counterclaimant,<br>v.<br>PAUL PONOMARENKO, an individual, DOES 1 through 50 and ROE business entities 51-100,<br>    Counterdefendants. | |
| NATHAN SHAPIRO, an individual,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>SUMMIT ESTATE, INC. DBA SUMMIT ESTATE RECOVERY CENTER, a California corporation; LUKE GERHARD KROGH, an individual; DOES 1 through 50 and ROE business entities 51 through 100,<br><br>Third Party Defendants. | |

# PLAINTIFF PAUL PONOMARENKO'S RESPONSE TO NOTICE TO COURT; MOTION FOR EXTENSION OF TIME PURSUANT TO LR IA 6-1; MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING BY PAUL PONOMARENKO

Plaintiff Paul Ponomarenko hereby gives notice to the Court of the following circumstances which are relevant to the Court's recent Notice of Non-Compliance (ECF Dkt. No. 107 and Dkt. No. 90) and in support of his motion for extension of time.

1. This matter was transferred to this Court from the Northern District of California Court on February 5, 2018 pursuant to Dkt. 88.

2. As such, neither of my California counsel of record, Sanjiv N. Singh, and Michael Indrajana, are able to appear on my behalf or on behalf of Summit Estate, Inc. which I wholly own. As the Court is aware, LR IA 11-2 requires an association of an active member in good standing of the State bar of Nevada as attorney of record in the action or proceeding. Neither Mr. Singh nor Mr. Indrajana litigate in Nevada or do business in Nevada; as such, in order to appear pro hac vice, they would have to find local Nevada counsel to sponsor them to appear. This is not an insignificant hurdle; despite diligent efforts, several Nevada based firms have turned down requests to facilitate pro hac vice appearances for reasons such as geographic distance from the court and having policies not to facilitate pro hac vice appearances without extensive and protracted diligence on the case and docket. As such, Summit Estate and I likely will need to find new counsel in Nevada or I will appear pro se while Summit Estate continues to look for suitable counsel.

3. Thus, contrary to Mr. Shaddix' misleading notice to the Court, I have sought to locate counsel as has Summit. There has been no error or lack of diligence on my part in this regard. I estimate it will take possible 30 to 60 more days to do so. As such, as an individual, I have elected to represent myself pro se in the meanwhile. My understanding is that Summit Estate, Inc. cannot do so because it is a corporation.

4. To date, neither Mr. Shaddix nor Mr. Shapiro have properly served either myself or Summit Estate by physically mailing or delivering the filed documents pursuant to Nevada Local

Rules LR IC 4-1(c)(6), which states that Paper Service is required when a document is served on non-filers. Given that counsels for Plaintiff and Summit have not been registered as e-filers on the Court's ECF system until they can locate local counsel and satisfy the requirements under rule LR IC 1A 11-1, it is only fair and reasonable for Mr. Shaddix and Mr. Shapiro to serve the parties the physical copies per LC IC 4-1(c)(6).

5. Pursuant to this notice, I hereby move and am requesting the Court to give a 60-day time extension for either Mr. Singh and Mr. Indrajana to appear pro hac vice before this Court or for Summit Estate and I to find Nevada based counsel. I further request the Court to require Mr. Shaddix and Mr. Shapiro to properly serve all other documents by serving physical copies of the documents to the parties until such time when counsel can appear before this Court.

6. Furthermore, as the Plaintiff in the above-captioned matter, I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I hereby affirm that:

    a. I have reviewed the requirements for e-filing and agree to abide by them.
    b. I understand that once I register for e-filing, I will receive notices and documents only by email in this case and not by regular mail.
    c. I have regular access to the technical requirements necessary to e-file successfully:
        i. A computer with internet access;
        ii. An email account on a daily basis to receive notifications from the Court and notices from the e-filing system;
        iii. A scanner to convert documents that are only in paper format into electronic files;
        iv. A printer or copier to create the required paper copies such as chambers copies;
        v. A word-processing program to create documents; and
        vi. A pdf reader and a pdf writer to convert word processing documents into pdf

format, the only electronic format in which documents can be e-filed.

DATED: _May 2_, 2018

Respectfully submitted,

By: _____

PAUL PONOMARENKO