David T. Blake, Esq. (# 11059)
**CLEAR COUNSEL LAW GROUP**
1671 W. Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89012
(702) 476-5900
(702) 924-0709 (Fax)
dave@clearcounsel.com
Attorneys for Summit Estate, Inc. dba
Summit Estate Recovery Center

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| PAUL PONOMARENKO, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> PROJECT VEGAS MANSION, corporate entity of unknown form, NATHAN SHAPIRO, an individual; and DOES 1 through 50, <br><br> Defendants | Case No.   2:18-CV-00216-RFB-CWH |
| NATHAN SHAPIRO, an individual, <br><br> Counterclaimant, <br><br> vs. <br><br> PAUL PONOMARENKO, an individual, DOES 1 THROUGH 50 and ROE business entities 51 through 100. <br><br> Counterdefendants. | |
| NATHAN SHAPIRO, an individual, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> SUMMIT ESTATE, INC., DBA SUMMIT ESTATE RECOVERY CENTER, a California corporation, LUKE GERHARD KROGH an individual, DOES 1 through 50 and ROE business entities 51 through 100. <br><br> Third-Party Defendants. | **Third-Party Defendant Summit Estate, Inc., dba Summit Estate Recovery Center's Answer to Nathan Shapiro's Third-Party Complaint** |

Third-Party Defendants, Summit Estate, Inc. dba Summit Estate Recovery Center, ("Summit") by and through its attorneys of record of the law firm Clear Counsel Law Group, respectfully answers Defendant/Third-Party Plaintiff, Nathan Shapiro's ("Shapiro") Third-Party Complaint as follows:

1. Answering Paragraph 1 of the Third-Party Complaint, Summit is without sufficient information or knowledge to form a belief as to the truth of these allegations, and therefore denies each and every allegation contained therein.

2. Answering Paragraph 2 of the Third-Party Complaint, Summit admits the allegations contained therein.

3. Answering paragraphs 6 (including subparagraphs (a)-(e), 7, and 8 of the Third-Party Complaint, Summit denies the allegations contained therein.

4. Answering Paragraphs 3, 4, and 5 of the Third-Party Complaint, Summit responds that the paragraphs contain legal conclusions to which no response is required. To the extent that a response is required, Summit denies all allegations contained therein.

**Affirmative Defenses**

1. Shapiro has failed to state a claim upon which relief can be granted.

2. Summit is a corporation duly incorporated on February 18, 2009 under the laws of the state of California and, since that time, has been engaged in the operation of its corporate affiars setparate, distinct, and apart from those of Counterdefendant Ponomarenko and there are no facts which would justify or authorize the Court in disregarding the corporate entity of Summit.

3. Shapiro has failed to mitigate damages, if any, which Summit denies there are any such alleged damages, and Shapiro's Third-Party Complaint is therefore barred, or in the alternative, any recovery should therefore be reduced accordingly.

4. The Court lacks pesronal and subject matter jurisdiction over the claims in Third-Party Complaint and against Defendant Summit.

5. To the extent that a contract existed, Summit is excused from performance of any contract duties because Shapiro failed to perform material duties and obligations.

6. The contract alleged in the complaint cannot be enforced because it violates that law and/or public policy.

7. Shapiro's Third-Party Complaint is barred based upon the doctrine of unclean hands.

8. Shapiro's Third-Party Complaint is barred based upon the doctrine of estoppel.

9. Shapiro's Third-Party Complaint is barred upon the doctrine of laches.

10. Shapiro's Third-Party Complaint is barred by the statute of limitations or other applicable limitations period.

11. Summit herein incorporates any affirmative defenses to the Third-Party Complaint against Paul Ponomarenko that are or may be available to Ponomarenko, incluidng all affirmative defenses raised in Ponomarenko's Answer to First Amended Counterclaim including any amendments thereto.

12. Summit reserves the right to assert any additional affirmative defenses and matters in avoidance may be disclosed during the course of additional investigation and discovery.  Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not pled and are not available after reasonable inquiry upon the filing of the Summit's Answer to Shapiro's Third-Party Complaint, and therefore Summit reserves the right to assert additional affirmative defenses at the appropriate time.

Wherefore, Summit prays for relief as follows:

1. That Shapiro take nothing by his Third-Party Complaint;

2. That the Court award Summit its costs;

3. That the Court award Summit all reasonable attorneys' fees incurred in defending Shapiro's Third-Party Complaint; and

4. For such other and further relief as the Court deems appropriate

Dated: July 18, 2018.

                                                **CLEAR COUNSEL LAW GROUP**

                                                */s/David T. Blake*_____
David T. Blake, Esq.  (#11059)
*Attorneys for Summit Estate, Inc. dba*
*Summit Estate Recovery Center*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Clear Counsel Law Group and on the 18th day of July 2018, I caused the foregoing **Third-Party Defendant Summit Estate, Inc., dba Summit Estate Recovery Center's Answer to Nathan Shapiro's Third-Party Complaint** to be served as follows:

[ ]   by placing a true and correct copy of the same to be deposited for mailing in the U.S. Mail at Las Vegas, Nevada, enclosed in a sealed envelope upon which first class postage was fully prepaid addressed to the parties below; and/or

[ ]   via electronic mail to the parties below; and/or

[ X ]   Pursuant to LR IC 4-1 of the United States District Court for the District of Nevada, electronically filed and served through the Court to all registered parties; and/or

[ ]   Other

*/s/K.A.Gentile*_____
An employee of Clear Counsel Law Group